IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 99-40932
_____


RICKY BERNARD MITCHELL,

Plaintiff-Appellant,

versus

MARSHALL CITY OF; CHARLES WILLIAMS,
Police Chief,

Defendants-Appellees.

_____

Appeal from the United States District Court for the
Eastern District of Texas
(2:98-CV-114)
_____

April 7, 2000

Before POLITZ, JOLLY, and BARKSDALE, Circuit Judges.

PER CURIAM:[*]

In this Title VII case alleging various instances of racial
discrimination and hostile work environment, we have carefully
reviewed the record, studied the briefs, and considered the points
made by counsel at oral argument.  Although the plaintiff argues
that the evidence in the record establishes the existence of
racially based disparate treatment, we cannot say that the district
court erred in concluding that the instances relied on by the
plaintiff were dissimilar, and thus constituted no probative

_____

[*]Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

evidence demonstrating discrimination in this case.  See <u>Mayberry v. Vought Aircraft Co.</u>, 55 F.3d 1086, 1089-90 (5th Cir. 1995). Further, although there was evidence establishing that racial epithets were uttered by employees of the Marshall City Police Department at times relevant to this case, they do not appear to have been directed at any employees of the police department, and we cannot say that the conduct was so "severe or pervasive" as to create a hostile work environment actionable under Title VII. <u>DeAngelis v. El Paso Municipal Police Officers Ass'n</u>, 51 F.3d 591, 594 (5th Cir. 1995).

We thus conclude that the judgment of the district court dismissing the plaintiff's complaint should be, and the same is

A F F I R M E D.